UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

ROBERT GALVAN,

Plaintiff,

v.

M.S.N.B.C., et al.,

Defendants.

_________________________________/

CASE No. 1:12-cv-01756-LJO-MJS (PC)

FINDINGS AND RECOMMENDATION FOR DISMISSAL OF PLAINTIFF'S ACTION WITHOUT PREJUDICE FOR LACK OF SUBJECT MATTER JURISDICTION

(ECF No. 1)

OBJECTIONS DUE WITHIN THIRTY (30) DAYS

## I. PROCEDURAL HISTORY

Plaintiff Robert Galvan is a state prisoner proceeding pro se and in forma pauperis in this civil action filed October 29, 2012. (Compl., ECF No. 1.) Plaintiff's Complaint is now before the Court for screening.

///////

## II. SUMMARY OF PLAINTIFF'S COMPLAINT

Plaintiff is incarcerated in the Security Housing Unit at Corcoran State Prison. He entered into a contract with Defendant M.S.N.B.C. and was interviewed by Defendant Carney for the television program "Lock Up In Corcoran SHU" which aired nationwide and continues to be broadcast over various media. (Compl. at 1.)

Plaintiff contends the program falsely accuses him of crimes, and defames him (id.) such that Defendants are liable to him for breach of contract, negligence and slander. (Id. at 2.)

Plaintiff and his family have suffered stress, fear and depression as a result of Defendants' actions. (Id. at 1-2.) His family has relocated and his father is unable to work. (Id. at 2.)

Plaintiff names as Defendants M.S.N.B.C. and Ms. Carney. (Id. at 1.)

Plaintiff seeks monetary compensation of $50,000 and an apology from Defendants. (Id. at 2.)

## III. ANALYSIS OF PLAINTIFF'S COMPLAINT

### A. Pleading Requirements Generally

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 1955 (2007). A plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Id. Facial plausibility demands more than the mere possibility

that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 1949–50.

**B. No Subject Matter Jurisdiction**

The district court is a court of limited jurisdiction and is not empowered to hear every dispute filed by litigants. See Exxon Mobil Corp. v. Allapattah Servs., Inc., 545 U.S. 546, 552 (2005); A–Z Int'l. v. Phillips, 323 F.3d 1141, 1145 (9th Cir. 2003). The district court "possess[es] only the power authorized by Constitution and statute," and may only adjudicate claims raising federal questions or involving parties with diverse citizenship. Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 377 (1994). The federal courts are "presumed to lack jurisdiction in a particular case, unless the contrary affirmatively appears." A–Z Int'l, 323 F.3d at 1145.

"If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3); see Saini v. U.S. Citizenship and Immigration Services, 553 F.Supp.2d. 1170, 1172 (E.D. Cal. 2008), citing Attorneys Trust v. Videotape Computer Products, Inc., 93 F.3d 593, 594–95 (9th Cir. 1988) ("[L]ack of subject-matter jurisdiction is never waived and may be raised by either party or the court at any time"); see also Bernstein v. Universal Pictures, Inc., 517 F.2d 976, 979 (C.A.N.Y. 1975) ("[L]ack of [subject-matter] jurisdiction is so fundamental a defect that [Fed. R. Civ. P. 12(h)(3) ] permits a judge to recognize it sua sponte at any time"); Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 109 (1941) ("[Federal courts are required] to scrupulously confine their own jurisdiction to the precise limits which the statute has defined"); Kantor v. Wellesley Galleries, Ltd. 704 F.2d 1088, 1092 (9th Cir. 1983) (any doubt as to whether jurisdiction exists is normally resolved against a finding

of such jurisdiction.)

1. Federal Question

Construing the allegations of the Complaint most favorably to the Plaintiff, Scheuer v. Rhodes, 416 U.S. 232, 236 (1974),[1] it does not allege facts demonstrating federal question jurisdiction arising under the U.S. Constitution, treaties, federal statutes, administrative regulations or common law. 28 U.S.C. § 1331.

Plaintiff alleges liability arising from an unspecified non-public contract entered with [a] private party(ies). No federal or state involvement is either apparent or alleged.

An ordinary suit in contract is outside federal question jurisdiction even though a federal statute may reinforce the primary contract rights in controversy or federal statues or regulations may be incorporated by reference into the contract. Pan Am. Petroleum Corp. v. Superior Court of Del. In and For New Castle County, 366 U.S. 656, 661 (1961).

Similarly, Plaintiff's unspecified negligence and slander claims are devoid of any apparent or alleged federal or state involvement or basis.

Plaintiff has not demonstrated federal question jurisdiction.

2. Diversity

Construing the allegations of the Complaint most favorably to the Plaintiff, Scheuer, 416 U.S. at 236, Plaintiff fails to allege facts supporting diversity jurisdiction. 28 U.S.C. § 1332. Diversity jurisdiction refers to federal court subject matter jurisdiction

[1] Abrogated on other grounds by Harlow v. Fitzgerald, 457 U.S. 800 (1982).

over claims exceeding $75,000 between citizens of different states or citizens of a state and a foreign state.

The Defendants are not alleged to be diverse. Plaintiff alleges no facts suggesting diversity as to either Defendant.

Plaintiff puts a total claim of $50,000 in controversy. This falls short of the $75,000 jurisdictional threshold.

Plaintiff has not demonstrated federal diversity jurisdiction.

**C. No Supplemental Jurisdiction**

The Court notes that, in the absence of federal subject matter jurisdiction, there is no supplemental jurisdiction over Plaintiff's alleged state law claims. Herman Family Revocable Trust v. Teddy Bear, 254 F.3d 802, 805 (9th Cir. 2001).

## IV. CONCLUSION AND RECOMMENDATION

Construing the allegations of the Complaint favorably to the Plaintiff, the claims asserted do not demonstrate a basis for federal subject matter jurisdiction. Accordingly, the Court hereby RECOMMENDS that this action be DISMISSED without prejudice for lack of subject matter jurisdiction.

These Findings and Recommendation are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1)(B–C) and Rule 304 of the Local Rules for the United States District Court, Eastern District of California. Within thirty (30) days after being served with these Findings and Recommendation, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned “Objections to Magistrate Judge's Findings and Recommendation.” Any reply to the objections shall be

served and filed within ten (10) days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: November 30, 2012

/s/ Michael J. Seng
UNITED STATES MAGISTRATE JUDGE